

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

SEP - 6 2005

J. T. NOBLIN, CLERK
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

BROTHERHOOD MUTUAL INSURANCE
COMPANY                                                    PLAINTIFF

VS.                                          CIVIL ACTION NO.: 3:02CV1669WS

MISSISSIPPI METHODIST ANNUAL                             DEFENDANTS
CONFERENCE; ANDERSON UNITED
METHODIST CHURCH; JEFFERY A.
STALLWORTH; TELAYA V. BROWN;
And KEMPER INSURANCE COMPANY

## JEFFERY A. STALLWORTH'S AMENDED ANSWER COMPLAINT FOR DECLARATORY JUDEGMENT

COMES NOW the Defendant, Jeffery A. Stallworth, by and through counsel to file this his

Amended Answer the Complaint For Declaratory Judgement filed by Brotherhood Mutual

Insurance Company. In support thereof Jeffery A. Stallworth asserts the following:

### FIRST DEFENSE

The exclusions or exclusionary language is unclear, ambiguous and subject to more than one

reasonable interpretation, including an interpretation affording Stallworth coverage for the

claims asserted against him in the underlying state court action. *State Farm Mutual Automobile*

*Insurance Company v. Taylor, 233 So. 2d 805, 810 (Miss. 1970); Merchants Company v*

*American Motorists Insurance Company, 794 F. Supp. 611 (S.D. Miss, 1992).*

### SECOND DEFENSE

An insurer's duty to defend is broader than the duty to indemnify. Plaintiff thereby owes

Stallworth a defense under the policy in issue to the claims asserted in the underlying state court

action. Further, Stallworth has the right to choose his own counsel under Mississippi Law and he

hereby invokes his right to do so. *Moeller v. American Guarantee & Liability Insurance Company, 707 So. 2d 1062 (Miss. 1998).*

### THIRD DEFENSE

Without waiving the foregoing defenses asserted, Stallworth answers the allegations in the Complaint For Declaratory Judgment as follows:

### PARTIES

1. Plaintiff is without sufficient information to admit or deny the allegations contained in this paragraph and therefore, he demands strict proof thereof.

2. Plaintiff is without sufficient information to admit or deny the allegations contained in this paragraph and therefore, he demands strict proof thereof.

3. Defendant is without sufficient information to admit or deny the allegations contained in paragraph three of the Complaint and demands strict proof thereof.

4. The allegations contained in this paragraph are admitted.

5. The defendant is without sufficient information to admit or deny the allegations contained in paragraph five of the Complaint and demands strict proof thereof.

6. The defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore, requires strict proof thereof.

### JURISDICTION AND VENUE

7. The allegations contained in this paragraph are admitted.

8. The allegations contained in this paragraph are admitted.

### FACTS

9. Plaintiff is without sufficient information to admit or deny the allegations contained in this paragraph and therefore, requires strict proof thereof.

10. Defendant Stallworth admits being sued by Telaya Brown. The remainder of the allegations contained in this paragraph is denied.

11. Plaintiff is without sufficient information to admit or deny the allegations contained in this paragraph and therefore, requires strict proof thereof.

12. The allegations contained in this paragraph do not appear to address any actions or inactions of this defendant however, if they are later construed to address this defendant, these allegations are denied.

13. The allegations in this paragraph are admitted.

14. The allegations contained in this paragraph do not appear to address any actions or inactions of this defendant, however if they are later construed to address this defendant, these allegations are denied.

## CLAIM FOR DECLARATORY RELIEF

15. The allegations contained in this paragraph are denied.

16. The provisions of the policy in question speak for themselves. However, Jeffery Stallworth is owed a duty of defense and indemnity under any policy obligated to defend and/or indemnify the Mississippi Methodist Conference.

17. Plaintiff is without sufficient information to admit or deny the allegations contained in this paragraph therefore, the allegations are denied.

18. The allegations contained in this paragraph that address coverage preclusion are denied.

19. The allegations contained in this paragraph do not appear to address any actions or inactions of this defendant. However if it is later construed that these allegations address this defendant, he requires strict proof thereof. Further, the policy language that is addressed in this paragraph speaks for itself.

20. The defendant is without sufficient knowledge to admit or deny the allegations contained and requires strict proof thereof.

WHEREFORE PREMISES CONSIDERED, Jeffery Stallworth prays that Brotherhood be obligated to defend him in the two lawsuits filed against him seeking damages related to his August 2001 visit to Telaya Brown. Additionally, Jeffery Stallworth prays that Brotherhood be ordered to indemnify him for the two lawsuit filed against him seeking damages related to his visit to Telaya Brown in August 2001. Stallworth also prays that AMM be awarded no costs, disbursements, or attorney fees. Finally, in the alternative, Stallworth prays that this Court issue an order holding that this action cannot be properly maintained by Brotherhood against Stallworth because of lack of privity of contract between the parties.

WHEREFORE PREMISES CONSIDERED, Jeffery Stallworth prays that Brotherhood Mutual Insurance Company be awarded nothing whatsoever on their Complaint For Declaratory Judgement.

Respectfully submitted,

Jeffery A. Stallworth

Barry Wayne Howard

Barry Wayne Howard
2634 Dr. Martin Luther King Jr. Drive
Jackson, Mississippi
Telephone: (601) 354-0721
Mississippi Bar Number 2704